The People of the State of New York, Appellant, v Earl Rogers, Jr., and Portville Forest Products, Inc., Respondents.

Third Department, November 3, 1977

*Louis J. Lefkowitz, Attorney-General (Elliott S. Greenspan* of counsel), for appellant.

*Murrin & DeRose (Robert E. Murrin* of counsel), for Earl Rogers, Jr., respondent.

*James D. Linnan* for Portville Forest Products, Inc., respondent.

GREENBLOTT, J. P. Defendants were indicted for failure to file certain quarterly sales and use tax returns (Tax Law, § 1145, subd [b]). Upon trial of the issues, the prosecution ran into difficulty presenting its case, the problems arising mainly from several unfavorable rulings by the court. The court excluded testimony of the first witness, since the offer of proof showed that he would be stating his opinion that defendants were required to pay sales taxes, the very issue the jury would be called upon to decide. On what turned out to be the final day of trial, January 14, 1977, the prosecution offered a certificate stating that the undersigned was legal custodian of all records of the Tax Commission, that he had caused a search of those records to be made, and that the required sales and use tax returns were not to be found among those records. The court refused to admit the certificate upon defendants' objections that the allegation that he had "caused a search" was inadequate and that defendants could not cross-examine the person who actually made the search. Instructed to produce that person, the prosecution instead produced the Secre-

tary of the Tax Commission, the one who had sworn to the certificate. Defendants raised the same objections and the court excluded his testimony. Having granted numerous continuances, and now exasperated, the court ordered that the witness be produced within the half hour. When the prosecution failed to produce the witness, but still refused to rest, the court closed the prosecution's case. Defendants then moved to dismiss the indictments pursuant to CPL 290.10. The court granted the motion, first finding that the record contained no evidence that returns were not filed, and then stating its belief that the proof did not adequately demonstrate that the defendants were required to file returns. The prosecution appeals.

Overshadowing all issues is the question of the prosecution's right to appeal. The controlling principles in this jurisdiction were clearly enunciated in *People v Brown* (40 NY2d 381, cert den 429 US 975). Interpreting and applying the recent Supreme Court trilogy *(United States v Wilson,* 420 US 332; *United States v Jenkins,* 420 US 358; *Serfass v United States,* 420 US 377), the Court of Appeals held that the People may not appeal from an adverse trial ruling if upon appellate resolution favorable to the People, the defendant would be required to stand retrial or the trial court would be required to make supplemental findings *(People v Brown, supra,* p 391). The court concluded that an appeal will lie only from an unfavorable pretrial order or from an order vacating a verdict of guilt. In the latter case, the reviewing court has a verdict, requiring no further fact-finding, which it may reinstate in the event of a reversal and remand. We are not presented with either of these situations; thus, an appeal may not be taken.

Most of the prosecution's contentions on this appeal were answered in *Brown* and *Jenkins,* and it concedes as much. The prosecution prefers to argue that because the presentation of its case in chief was aborted, the situation can be analogized to declarations of mistrial from which appeals sometimes lie *(United States v Dinitz,* 424 US 600). The mechanical rule in *Brown* allows for no such analogy. The Court of Appeals expressly pointed out that in mistrials no determination favorable to either party is reached, whereas in the situation presented in *Brown* (as well as in the case at bar), the trial terminated in an order dismissing the charges, a determination favorable to the defendant *(People v Brown, supra,* p 393).

Clearly, this argument fails (see *United States v Jenkins, supra; Fong Foo v United States,* 369 US 141, 143).

Having held that the prosecution has no right of appeal, we express no opinion on the other issues presented. We do, however, reiterate the Court of Appeals' admonition to trial courts that they consider this problem of finality when confronted with an application for a trial order of dismissal *(People v Brown, supra,* pp 381, 394).

The appeal should be dismissed.

SWEENEY, MAHONEY, LARKIN and MIKOLL, JJ., concur.

Appeal dismissed.